IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DEBORAH SHRUM,                )
                              )
       Plaintiff,      )
                              )
v.                            )    Case No. CIV-12-459-RAW
                              )
DENTAL CARE OF MUSKOGEE, INC.,)
                              )
                              )
       Defendant.      )

## ORDER

Before the court is the motion of the plaintiff for relief from the court's order and judgment. On January 7, 2013, the court granted the motion of the defendant to dismiss. The basis for dismissal was plaintiff's complaint, which stated that she received her right to sue letter from the EEOC on August 9, 2012. The complaint was filed November 8, 2012, which is 91 days from that date. The statute of limitations for a case of this type is 90 days. Also, plaintiff did not respond to the motion to dismiss.

In the present motion, plaintiff asserts (with supporting affidavit) that she actually received the right to sue letter on August 10, 2012 and that her complaint was timely filed despite the scrivener's error within it. The motion additionally states that the defendant's motion was not responded to because the principal lawyer handling the case did not receive an e-mail service of the motion through the CM/ECF system.

Defendant objects to the motion, noting that plaintiff's co-counsel and an office assistant did receive notice of the motion. Defendant also notes the fact that, while the court's order was entered January 7, the present motion was not filed until January 29.[*]

A Rule 60(b) motion should be liberally construed and every effort should be made to try cases on their merits. *Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp., Inc.,* 837 F.2d 423, 426 (10th Cir.1988). The decision whether to grant relief is a matter addressed to the sound discretion of the trial court. *Wilkin v. Sunbeam, Corp.,* 466 F.2d 714, 717 (10th Cir.1972). The Rule gives the court a grand reservoir of equitable power to do justice in a particular case. *Manzanares v. City of Albuquerque,* 628 F.3d 1237, 1241 (10th Cir.2010). On the other hand, relief under the Rule is extraordinary and may only be granted in exceptional circumstances. *Id.*

The present record indicates that it is undisputed that the complaint was timely filed. Therefore, as a matter of law and logic, the case should not be dismissed based upon the statute of limitations. Any other procedural missteps or confusions do not alter that central fact. In its order of dismissal, the court concluded that dismissal was appropriate "[a]bsent mitigating circumstances, of which there are apparently none[.]" In light of the mitigating circumstances now presented, the court will allow the case to proceed on the merits.

---

[*] Plaintiff's counsel blames "communicating and obtaining an affidavit from an out of state client and a heavy docket during this time frame" for the latter circumstance.

It is the order of the court that the plaintiff's motion for relief (#12) is hereby granted. The order and judgment of January 7, 2013 are hereby vacated and the case shall be restored to the court's docket of pending cases.

**ORDERED THIS 5th DAY OF MARCH, 2013.**

**Dated this 5th day of March, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma